# EXHIBIT A

STATE OF MICHIGAN
IN THE 2ND CIRCUIT COURT FOR BERRIEN COUNT.

# DUPLICATE ORIGINAL

**LIBERTY NEVINS**

**25  - 0280-CZ**

Plaintiff, A Michigan Resident

VS.

CASE NO.
**DONNA B. HOWARD**
HON.

**LAKE MICHIGAN COLLEGE,**
        **Defendant, A Michigan**
**Nonprofit Corporation**

**COMPLAINT FOR DAMAGES**
**DECLARATORY AND**
**EQUITABLE RELIEF**

and

**TREVOR KUBATZKE**
        President of Lake Michigan College;

and

**ELIZABETH ZAK, Sonography Program Director,**
**Lake Michigan College**

and

**PAMELA COYER JAMES, Clinical Coordinator,**
**Lake Michigan College**

and

**GOSHEN HOSPITAL**

and

**JOHN DOES #1-#5**

        Defendants Jointly and Severally.

_____/

**PACIFIC JUSTICE INSTITUTE**
By: Dave Peters, Staff Attorney (P48648)
Attorney for Plaintiffs
PO Box 51787
Livonia, Michigan 48151-1787
Email: dpeters@pji.org
Phone: (734) 732-4050/ (916) 857-6900

_____/

STACY LOAR-PORTER
RECORDER COUNTY CLERK

25 SEP 19 PM 2: 20

FILED

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

NOW COMES THE PLAINTIFF, **LIBERTY NEVINS**, by counsel, PACIFIC JUSTICE

INSTITUTE, BY DAVE PETERS (P48648) who states for her Complaint against Defendant **LAKE**

**MICHIGAN COLLEGE; GOSHEN HOSPITAL; TREVOR KUBATZKE,** President of Lake

Michigan College; **ELIZABETH ZAK,** sonography program director at Lake Michigan College;

and **PAMELA COYER JAMES,** clinical coordinator at Lake Michigan College in their individual

and professional capacity as follows (each a "Defendant" and together, "Defendants"):

## SUMMARY

1. This action seeks declaratory, injunctive and equitable relief, compensatory costs and

attorney fees for religious discrimination, breach of contract, and detrimental reliance suffered by

Plaintiff in the denial of reasonable exemptions and in her practice of her religion.

2. This case seeks to protect and vindicate statutory and fundamental constitutional rights.

3. The Plaintiff brings this civil rights action under the First and Fourteenth Amendments to

the United States Constitution and 42 U.S.C. § 1983, and for other statutory and State constitutional

violations.

4. The plaintiff applied to the Defendant's School of Sonography for the Summer Semester,

2023 **(EXHIBIT 1: PLAINTIFF'S APPLICATION)** and was accepted into the program

**(EXHIBIT 2: PLAINTIFF'S ACCEPTANCE).**

5. After being accepted into the Sonography Program, the Defendants **ELIZABETH ZAK,**

and **PAMELA COYER JAMES,** unlawfully discriminated against Plaintiff because of her

sincerely held religious beliefs by advising the Plaintiff, and by enforcing and implementing the

policies at **LAKE MICHIGAN COLLEGE** mandating that she must take the COVID-19

- 2 -

experimental emergency use vaccine to participate and complete the Defendants' sonography program, failing to explain that Plaintiff would not be permitted to participate in an essential portion (the Clinical portion) of the program, and failing to consider reasonable exemption requests on account of religion that could have been granted.

6.      The above-named Defendants all refused to grant reasonable religious exemption requests.

7.      The Plaintiff engaging in the act of applying to the School constituted an Offer to the School, and the school's acceptance into the program constituted a (counter) Offer to the Plaintiff which Plaintiff was allowed to accept or reject.

8.      The Plaintiff Accepted the Schools (counter)Offer of Acceptance by performance (i.e. attending classes), reliance via the foregoing of other opportunities, paying certain sums, purchasing materials, and by signing various documents to become a student at **LAKE MICHIGAN COLLEGE.**

9.      After being informed that she was accepted into the Sonography program, and after paying certain sums, obtaining supplies, attending classes, signing the documents accepting admission to the school, and foregoing other opportunities, Defendant **LAKE MICHIGAN COLLEGE** via their employees and agents Defendants **ELIZABETH ZAK**, and **PAMELA COYER JAMES** informed the Plaintiff that while she could attend the school, she could not participate in the clinical rotation necessary to obtain her degree and certification unless she consented to the experimental COVID vaccination.

10. The Plaintiff is a practicing Christian who believes that the body is the temple of the Holy Spirit that cannot be tainted with an experimental substance, and also holds beliefs on the sanctity of life, and opposes the use of human fetal cells in the research and production of the COVID 19 Experimental Vaccines.

11. When Plaintiff was informed of the acts, policies, practices, customs and procedures by **LAKE MICHIGAN COLLEGE** via their agents and employees **ELIZABETH ZAK**, and **PAMELA**

**COYER JAMES**, she requested Reasonable Religious exemptions on account of her sincere

religious beliefs, to be exempted from the COVID 19 experimental emergency use vaccine which

provides for religious exemptions in the enabling Executive Order and under federal law.

12. On August 22, 2023, Plaintiff directed her attorney to send a letter of representation to

Defendant **LAKE MICHIGAN COLLEGE** informing all Defendants of Plaintiff's sincere

religious objection and her request for a religious exemption (**EXHIBIT 3: 8-22 ATTORNEY**

**LETTER**).

13. On August 24, 2023, the Plaintiff sent a long, detailed letter to **LAKE MICHIGAN**

**COLLEGE** informing all Defendants of her religious beliefs and requests for exemption (**EXHIBIT**

**4: ACCOMADATION REQUEST FROM PLAINTIFF**).

14. Defendants had a duty to reasonably exempt Plaintiff from the requirement of obtaining the

COVID vaccination on account of her religion (

15. Granting Plaintiff's request for reasonable exemption would not (and does not) impose a

substantial or undue burden on the Defendants.

16. Defendants failed to reasonably accommodate Plaintiffs' religious exemption requests.

17. Defendants failed to demonstrate that the Plaintiff's requested exemption would have imposed

an undue (or any) burden on them.

18. On October 18, 2023, Defendants ELIZABETH ZAK and PAMELA COYER JAMES met with

Plaintiff regarding her request for religious exemption and Plaintiff was informed "all the facilities"

(that is the clinical partners of the Defendants said "no to [Plaintiff] being allowed to attend

clinicals."

19. Defendants then suggested Defendant look into GOSHEN HOSPITAL but informed Plaintiff at

this time that she would not be allowed to have any patient contact unless she consented to all the

vaccines, including the experimental COVID vaccination.

20. Plaintiff was told by ELIZABETH ZAK, and PAMELA COYER JAMES, that patient contact is a necessary requisite of completion of the Sonography program.

21. Thus, the actions of GOSHEN HOSPITAL and LAKE MICHIGAN COLLEGE in denying access to the Clinical portion of the program is a full denial of the ability to complete the program.

22. Defendants' acts, policies, practices, customs, and procedures for the years 2020 through 2023 requiring COVID-19 vaccination as a mandatory condition of participation in Defendants' sonography program and refusing reasonable exemptions deprived Plaintiff of her First Amendment rights, her right to Due Process, and her Fourteenth Amendment liberty right to privacy, and self-autonomy among others.

23. Defendants' policies and actions override Plaintiffs sincerely held religious beliefs and discriminated against her on the basis of her religion  and her specific religious beliefs that were and are sincerely held.

24. Plaintiff's religious exemption to the COVID vaccination was never granted and as far as Plaintiff's can tell it was never even fairly considered by the Sonography School at LAKE MICHIGAN COLLEGE as no Reasonable Exemptions were discussed or implemented to accommodate the Plaintiff's request to be permitted to participate in the Clinical portions of Sonography training.

25. During her orientation and before entering the school, Plaintiff was led to believe and misinformed by the faculty and clinical partners, including in particular the above named individual Defendants **ELIZABETH ZAK**, Sonography Program Director, and **PAMELA COYER JAMES**, Clinical Director, that she could attend classes at **LAKE MICHIGAN COLLEGE**, and she could in fact complete the sonography program at **LAKE MICHIGAN COLLEGE**.

26. The plaintiff relied on such assurances to her detriment.

27. Months later, after Plaintiff was accepted to the college and (she thought) she was granted a COVID-19 Vaccine waiver, and that she could attend the College based on her religious exemption

request, and she had forgone other opportunities to attend other schools, and the Plaintiff had relied on such assurances, the Plaintiff was informed that although she could attend classes, that the school would not accommodate her religious exemptions for the required sonography clinical rotation with their affiliated medical providers.

28. Access to a clinical rotation is an essential component of the Defendants' Sonography program, and this clinical rotation must be completed to achieve Sonography certification.

29. Denying Plaintiff access to clinical rotation when they have validly requested religious exemption is not a reasonable exemption.

30. Denying Plaintiff access to a clinical rotation prevents Plaintiff's access to Sonography training necessary to achieve her certification and degree and represents a full denial of access to the Sonography program.

31. Failing to accommodate an essential part of the training to achieve her sonography certification and degree is a DENIAL of such exemption request.

32. Religious exemption could have been granted to the Plaintiff without undue hardship to the Defendants.

33. The policies, practices, customs, and procedures of the Defendants in denying reasonable exemption requests from sincere religious believers is and was the cause of, and the moving force behind, the statutory, and constitutional violations in this case.

34. Specifically, LAKE MICHIGAN COLLEGE, and the other named Defendants, implemented a set of policies that included a COVID-19 Vaccine Mandate for all sonography students which did not include sufficient Constitutional procedures for objecting to such mandates.

35. LAKE MICHIGAN COLLEGE and the other Defendants, including GOSHEN HOSPITAL implemented vaccine mandate policies which were applied in a constitutionally impermissible manner.

36. Plaintiff had numerous Constitutional rights to object to the COVID-19 Vaccine mandate on religious grounds (1st & 14th Amendment).

37. Plaintiff did in fact request exemption on the basis of her religious beliefs.

38. Defendants, including LAKE MICHIGAN COLLEGE, TREVOR KUBATZKE, ELIZABETH ZAK, and PAMELA COYER JAMES, had a duty to represent the Defendant College (ZAK and COYER JAMES) and KUBATZKE had a duty to train (or provide for the training of) their employees and failed to do so.

39. All Defendants had a Constitutional duty to reasonably exempt the Plaintiff's inability to comply with the Vaccine Mandate due to sincerely held religious reasons.

40. Defendants in their individual capacity had duties to avoid acting with deliberate indifference to the Constitutional rights of the Plaintiff.

41. The named Defendants all acted with deliberate indifference and malice to the Constitutional rights of the Plaintiff by misleading her about whether she could graduate and by refusing to consider reasonable exemptions on account of religion.

42. The Defendants failed to reasonably accommodate Plaintiff's religious objections by refusing to accommodate her clinical rotation and no Defendant would have experienced undue hardship by granting Plaintiff's request.

43. The school and other defendants did not fairly or reasonably consider the Plaintiff's religious exemption request or engage in any type of reasonable back and forth discussion of reasonable exemption available showing their compliance with the exemption requests was in fact unreasonably burdensome of Plaintiff's religious beliefs.

STATE OF MICHIGAN

**PARTIES**

44. Plaintiff **LIBERTY NEVINS** was and is a practicing Christian, a Sonography student candidate and student at **LAKE MICHIGAN COLLEGE**, and was a resident of the State of Michigan at all pertinent times hereafter stated.

45. **LAKE MICHIGAN COLLEGE** is a Community College located in the State of Michigan and is the Defendant institution on which the policies complained about herein were enacted.

46. Defendant **TREVOR KUBATZKE** is the President of **LAKE MICHIGAN COLLEGE** at all relevant times in this Complaint responsible for directing and enacting the policies complained about herein and responsible from training and supervising the College and Employees of the College, including the other Defendants who are all sued in their individual and official capacity.

47. Defendant **ELIZABETH ZAK** was the Sonography program director at **LAKE MICHIGAN COLLEGE** responsible for directing and enacting the policies complained about herein who is sued in her individual and official capacity regarding mandating the COVID vaccination for an essential part of a college program that is needed to graduate and for denying Reasonable Exemptions which could have been granted without undue hardship.

48. Defendant, **ELIZABETH ZAK**, was the Sonography Program Director, at Lake Michigan College at all relevant times hereto responsible for implementing the policies against Sonography Students complained of herein and for denying Reasonable Exemptions who is sued in her official and individual capacity.

49. Defendant, **PAMELA COYER JAMES**, was the Clinical Coordinator at all relevant times hereto responsible for implementing the policies against complained of herein and for denying Reasonable Exemptions on account of sincere religious beliefs who is sued in her official and individual capacity.

50. Defendants **ZAK** and **COYER JAMES** directly advised the Plaintiff during her time at **LAKE MICHGAN COLLEGE**, were responsible for terminating the Plaintiff's course of study, denying

reasonable exemptions, and were directly responsible, under the supervision of Defendant

**TREVOR KUBATZKE** for providing the false information that she would be able to graduate as a

Sonographer.

51. Defendant **GOSHEN HOSPITAL** is and was the Clinical Partner with **LAKE MICHIGAN**

**COLLEGE** responsible for supervising Sonography Student Interns for and on behalf of **LAKE**

**MICHIGAN COLLEGE** and for implementing the policies complained of herein.

52. Defendants **JOHN DOES#1-#5** are additional Clinical partners with the Defendant who also

denied the Plaintiffs rights as outlined above and who shall become known during the course of

Discovery.

### JURISDICTION

53. This civil rights action raises federal questions under the United States Constitution,

particularly the First and Fourteenth Amendments, the Civil Rights Act of 1871, 42 U.S.C. §1983,

and the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq and various pendant jurisdiction

questions regarding the State law claims.

54. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and

1343.

55. This Court has authority to award the requested relief and damages pursuant to 28 U.S.C.

§1343, the requested declaratory relief pursuant to 28 U.S.C. §§ 2201–02, the requested injunctive

relief pursuant to 28 U.S.C. § 1343 and Fed. R. Civ. P. and costs and attorneys' fees under 42 U.S.C.

§ 1988.

56. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28

U.S.C. § 1367.

**VENUE**

57.  This action properly lies in the Western District of Michigan pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, as the civil rights violations were committed in this judicial district.

**FACTS**

58.  The Plaintiff applied to the Sonography Program at the Defendant LAKE MICHIGAN COLLEGE for the Summer Semester of 2023 and was accepted into the program (**EXHIBIT 1: PLAINTIFF'S APPLICATION; EXHIBIT 2:  ACCEPTANCE BY LAKE MICHIGAN COLLEGE**).

59.  On or about August 22, 2023, Plaintiff formally sought a religious exemption to the COVID 19 vaccination mandate via a letter sent by her attorney to the Defendant (**EXHIBIT 3:  1ST LETTER FROM ATTORNEY JAMES A. THOMAS TO LAKE MICHIGAN COLLEGE**).

60.  In the letter the Plaintiff's counsel references a prior letter that Plaintiff personally wrote to LAKE MICHIGAN COLLEGE asking for a religious exemption and further claims that denying Ms. Nevins her religious exemption is "a violation" of both federal and State law.

59.  On August 22, the Plaintiff sent her own detailed religious exemption request detailing her religious beliefs (**EXHIBIT 4: EXEMPTION REQUEST FROM PLAINTIFF**).

60.  Plaintiff was prepared at all times to discuss the mechanics of her religious exemption request and expected to discuss measures to prevent the harm they claimed would or could arise from failing to vaccinate.

61.  Such measures the Plaintiff was prepared to discuss included testing options, and masking in order to prevent the potential spread of COVID.

62. However, the school remained singularly uninterested in talking about any potential exemption, or anything else regarding the Plaintiff's religious exemptions request but instead persistently gave Plaintiff incorrect and false information.

63. On September 11, 2023 and September 19, 2023, as Plaintiff attended Sonography courses at the school, Plaintiff spoke with and met with agents of the Defendant to request assignment to a clinical site where she could complete the necessary portion of her training to obtain the degree.

64. Following the phone call on September 11, 2023 and the in person meeting on September 19, 2023, Plaintiff was informed that "all of the facilities said no to Ms. Nevins being able to attend clinical."

65. The plaintiff persisted in her religious exemption requests and was informed that Defendant GOSHEN HOSPITAL was a potential option for her.

66. After raising her hopes, the Defendants proceeded to tell Plaintiff that she would still not be permitted to work in "direct patient contact without vaccines."

67. The Plaintiff was told that she would be able to graduate from **LAKE MICHIGAN COLLEGE** but was fully informed about the vaccine exemption request and so she sought clarity by visiting the Defendant **GOSHEN HOSPITAL**.

68. Students at **LAKE MICHIGAN COLLEGE** were openly encouraged at orientation and elsewhere to visit the clinical sites so Plaintiff decided to visit the Defendant **GOSHEN HOSPITAL**.

69. On November 4, 2023 Plaintiff visited **GOSHEN HOSPITAL** and identified herself as a **LAKE MICHIGAN COLLEGE** Sonography Student aiming to do her clinicals at **GOSHEN HOSPITAL**.

70. The Plaintiff was given a tour of the Sonography wing and spoke with technicians and staff on November 4, 2023.

71. Plaintiff understood at the conclusion of the visit that the people at **GOSHEN HOSPITAL** were kind and helpful and she was very much interested in continuing to pursue her Sonography degree following the visit.

72. On November 6, 2023 plaintiff was brought into the office of Defendant **ZAK** and Defendant **COYER JAMES** and was told that she had done something "really bad and inappropriate" by going to the clinical site.

73. Defendant **ZAK** further stated to Plaintiff that she is "done playing games."

74. Plaintiff was and is astonished at this nakedly disparate treatment shown to her on account of her religious exemption requests as it was and is her understanding that Clinical Sonography students were encouraged to see the clinical sites.

75. In fact, the Defendant **ZAK** and **COYER-JAMES** reaction and treatment of Plaintiff constitutes retaliation against her for making a religious exemption request.

76. On November 17 and 21, 2023 Plaintiff was scheduled to attend a formal Clinical observation at **GOSHEN HOSPITAL** which she did without apparent incident.

77. On November 27, 2023, Plaintiff was informed by Defendants **ZAK** and **JAMES** that "**GOSHEN HOSPITAL**" had picked a different student other than Ms. Nevins to continue clinical there and…because **GOSHEN HOSPITAL** does not want Plaintiff as a student for clinical, that Plaintiff must withdraw by November 28th, 2023 (the next day) or she will fail all of her classes."

78. On November 30, 2023, **Coyer-James**, the clinical coordinator at Goshen Hospital, a clinical partner with **LAKE MICHIGAN COLLEGE**, stated she "did not think Liberty would be a good fit at Goshen." (**EXHIBIT 5: EMAIL FROM JAMES-COYER TO KRISTEN HUMPRIES AT LAKE MICHIGAN COLLEGE**).

79. On November 30, 2023, Plaintiff's counsel sent another letter to LAKE MICHIGAN COLLEGE outlining the errors and violations of statutes and case law committed by the Defendants

(**EXHIBIT 6: 2nd LETTER FROM ATTORNEY JAMES A. THOMAS TO LAKE**

**MICHIGAN COLLEGE**).

80. None of the Defendants responded to the attorney's letters and their responses to Plaintiff constitute retaliation and a coordinated and unreasonable denial of religious liberty that could have been accommodated without undue hardship with any of the Defendants.

81. Plaintiff's religious exemption was not reasonably considered for exemption, and her medical exemption was similarly not granted which effectively meant her exemption needed to be a sonography student was denied.

82. Plaintiff's good faith reliance on the grant of such requests notwithstanding, Plaintiff was, in fact, NOT permitted to be a Sonography student at **LAKE MICHIGAN COLLEGE** unless she violated her religious beliefs and obtained the vaccine.

83. The Plaintiff offered and was prepared to discuss several religious exemptions to the Defendant **LAKE MICHIGAN COLLEGE**, including masking, weekly testing, social distancing, and was willing to take onerous steps to achieve exemption with the College and the clinical providers.

84. Plaintiff was denied and refused the opportunity to be accommodated or exempted by **LAKE MICHIGAN COLLEGE** at every stage.

85. Defendants do not require the general student body at LAKE MICHIGAN COLLEGE to be vaccinated, to be physically present on campus, to attend school, to attend intercollegiate athletic events, to live in the dorms, or to otherwise participate in the educational programs.

86. However, the Defendants policies do mandate, single out, and require the Sonography program students at LAKE MICHIGAN COLLEGE to be vaccinated as a precondition to completing the program.

87. Defendants cannot claim they do not mandate the vaccination for the Sonography program and that they refused to reasonably consider religious objections when an essential part of their program

in fact does mandate the vaccination without fairly considering religious objections and while retaliating against those who bring such exemption requests.

88. The Western District of Michigan has already decided that a State University was not entitled to a stay of proceedings because the plaintiffs, who were student-athletes, had a strong likelihood of success on their free exercise challenge to the university's failure to grant their religious exemptions to the university's COVID-19 vaccination policy since student athletes were treated differently than other students.

89. Similarly in the case at bar, this Defendant College cannot treat a Sonography student candidate differently than other students (c.f.

and

90. Defendants adopted, authorized, mandated, and approved policies which attempted to force Plaintiff to take the vaccine shot in direct opposition to, and in violation of, Plaintiffs' personal identity, autonomy, and her sincerely held religious beliefs and convictions, and in violation of its own policies on student rights and privacy, federal and state statutes, constitutional provisions, and the enabling Executive Order and OSHA rule which permit religious accommodation requests for aggrieved employees.

91. Defendants' policy to mandate the COVID vaccination includes other policies to silence and disparage opinions, ideas, and viewpoints that disagree with its medical determinations that were made without consulting with Plaintiffs' doctors or accommodating Plaintiffs religious objections.

92. Defendants' training, supervision, policies, practices, customs, and procedures as provided for, overseen by, and administered for and on behalf of and primarily by Defendant **TREVOR KUBATZKE** chills the expression of religious viewpoints, such as those held by Plaintiff by failing to sufficiently instruct them of their responsibilities under federal law to provide reasonable exemptions for those with religious objections.

93.  Defendants' training, supervision, policies, practices, customs, and procedures demean and diminish the personal autonomy and dignity of Plaintiff and indeed all students who have a differing viewpoint and disagree with **LAKE MICHIGAN COLLEGES** policies and actions.

94.  Despite past and ongoing diligent efforts to secure comparable positions as a Sonography School student, Plaintiff has been forced to withdraw from her application and accepted position at **LAKE MICHIGAN COLLEGE** and has been unable to relocate to attend another school and has thus been denied future compensation, which she would have received if her religious exemption request had been considered and granted.

95.  Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of Defendants' refusal to reasonably accommodate the Plaintiff and to provide Plaintiff with access to the necessary nursing clinical rotation needed to graduate from the Sonography program.

96.  Plaintiff will suffer future pecuniary losses as a direct result of the Defendants' refusal to provide Plaintiff with access to the Sonography clinical rotation and forcing Plaintiff to withdraw from the program at **LAKE MICHIGAN COLLEGE**.

### STATEMENTS OF LAW

97.  Each and all acts and policies herein were attributed to Defendants who acted under color of a statute, regulation, or custom of the State of Michigan (i.e., under color of state law and authority).

98.  Defendants knew or should have known that they were violating Plaintiff's constitutional, statutory and contractual rights to practice her religion and to have written agreements enforced, by denying reasonable exemptions to the COVID-19 shot based on her sincere religious beliefs.

99.  Each and all acts and policies herein were attributed to Defendants who acted under color of a statute, regulation, or custom of the State of Michigan and the United States (i.e., under color of state law and authority), including in refusing to provide reasonable exemptions for the COVID-19 shot.

100. Defendants engaged in discrimination against Plaintiff with malice or reckless indifference to Plaintiff's rights under (42 USCS 2000e-2) by summarily denying Plaintiff's requests for religious exemption without fairly considering them.

101. Specifically, Defendants ELIZABETH ZAK, PAMELA COYER JAMES, falsely represented to the Plaintiff that she would be allowed to attend LAKE MICHIGAN COLLEGE and graduate while knowing Plaintiff could not complete the clinical portion of the training without violating her religious practices and beliefs and without granting reasonable exemption to the Plaintiff.

102. Defendants ELIZABETH ZAK, and PAMELA COYER JAMES were responsible for the refusal to grant reasonable exemption, were responsible for the denial of reasonable exemption, and for the religious violations complained of herein.

103. Defendant TREVOR KUBATZKE was, at all times, responsible for training and supervising the Defendants and for operating LAKE MICHIGAN COLLEGE including the promulgation and enforcement of policies and procedures and the training of the individual and professional defendants.

104. Defendants engaged in intentional discrimination against Plaintiff with malice or reckless indifference to the Plaintiff's rights under the U.S. Constitution USCS Const. Amend. 1 and USCS Const. Amend. 14.

105. Defendants engaged in intentional discrimination against Plaintiff and/or with malice or reckless indifference to the Plaintiff's rights under Title II Reasonable Exemptions in Public venues 42 USCS 2000a), the Establishment Clause, and section 1983

106. Defendants engaged in discrimination against Plaintiff with malice or reckless indifference to the Plaintiff's rights under the Americans With Disabilities Act (42 USCS 12131).

IN THE 2ND CIRCUIT COURT FOR BERRIEN COUNTY

## COUNT I VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO THE FREE EXERCISE OF RELIGION (42 U.S.C. § 1983) BY DEFENDANTS LAKE MICHIGAN COLLEGE, ELIZABETH ZAK, TREVOR KUBATZKE AND PAMELA COYER JAMES IN THEIR OFFICAL AND INDIVIDUAL CAPACITY

107.    Plaintiff hereby incorporates and realleges the preceding paragraphs, as though fully set

forth herein.

108.    42 USCA 1983 states:

> *Every person who, under color of any statute, ordinance, regulation,*
> *custom, or usage, of any State or Territory or the District of Columbia,*
> *subjects, or causes to be subjected, any citizen of the United States or*
> *other person within the jurisdiction thereof to the deprivation of any*
> *rights, privileges, or immunities secured by the Constitution and laws,*
> *shall be liable to the party injured in an action at law, suit in equity, or*
> *other proper proceeding for redress* (42 USCS 1983).

109.    The elements of a 1983 claim are:

a.    *A Person;*

b.    *Acting under color of law;*

c.    *Deprives a person of their Constitutional rights.*

110.    All Defendants, including the school and hospital are incorporated entities and are

"persons" within the meaning of 42 USC 1983.

111.    At all times hereto, Defendants were acting under color of law.

112.    Defendants deprived the Plaintiff of her Constitutional rights while acting under color

of law by failing to permit her to exercise her religious rights and by failing to accommodate her in

the practice of her religious rights (c.f. *Brown v Polk Co, 61 F3d 850 (CA 8, 1995)* "If a governmental

employer has violated Title VII, it has also violated the guarantees of the                    ).

113.    42 USCA 1983 through the First Amendment mandates that religious exemption

requests be granted in some circumstances such as this one where the right at issue is the right to

object to certain medical practices on the basis of religious beliefs.

114.    Plaintiff, a practicing Christian, notified the Defendants repeatedly about her religious

objections on various issues such as the sanctity of life, opposition to the abortion connection to the

creation of the COVID vaccines, and her sincere religious beliefs that her body is the temple of the
Holy Spirit that cannot be defiled by an untested, ineffective and dangerous vaccination and the
Defendants DENIED all of the Plaintiff's religious exemption requests.

115. By reason of the aforementioned acts, policies, practices, customs and procedures created,
adopted, and enforced under color of state law in refusing to provide reasonable exemption for
students to the COVID-19 Vaccination as required by federal law (Section 1983) State law (Elliot
Larsen), the U.S. Constitution (1st Amendment), and a prior court ruling in this District.

116. Defendants deprived Plaintiff of her right to the free exercise of her sincerely held religious
beliefs in violation of the First Amendment, as applied to the states.

117. Defendants violated Plaintiff's First Amendment right to freely exercise her religious beliefs
by mandating an invasive medical treatment that substantially interferes with Plaintiffs' religious and
free exercise rights.

118. Defendants were all aware of Plaintiffs request that her religious views be reasonably
accommodated.

119. Defendants' policies violate the First Amendment by punishing students who exercise their
religious beliefs in connection with their personal medical decisions.

120. Defendants' policies violate the First Amendment and federal law requiring that a person's
religious beliefs should be reasonably accommodated absent a showing of undue hardship.

121. Plaintiffs' compliance with their sincerely held religious beliefs is a religious exercise.

122. Defendants' policies and practices are not general laws as they specifically target Christians
who share Plaintiffs sincerely held religious views but leave untouched students who ascribe to other
or no faith traditions.

123. Defendants' exemption denials, policies and practices are imposed on some religious students,
but not others, resulting in unjust discrimination amongst religious beliefs.

124.  Defendants' policies and practices further no compelling governmental interest as there is little or no evidence currently that the COVID-19 shot prevented the spread of Coronavirus and in 2023 there was and is absolutely no evidence the shot prevented the spread of COVID 19 in the time periods complained of herein.

125.  Even if Defendants identified a compelling State interest, Defendants' policies and practices fail to provide the least restrictive means of furthering any stated interest and are not narrowly tailored to achieve the State interest of preventing the spread of COVID-19.

126.  Defendants' policies and practices create government-imposed, coercive pressure on Plaintiffs to change or violate their sincerely held religious beliefs.

127.  Defendants' policies, practices, customs, and procedures, punish and impose discipline on any student for exercising his or her right to free exercise of their religious beliefs. Defendants' actions injure Plaintiffs by chilling their religious activity and religious speech through threat of discipline and sanction by Defendants for failure to comply with their new policies.

128.  As a direct and proximate result of the Defendants' violation of the First Amendment, in denying a reasonable religious exemption which could have been granted without undue hardship, Plaintiff has suffered, and will suffer, irreparable harm, including the loss of her fundamental constitutional rights, entitling her to relief.

129.  Additionally, Plaintiff is entitled to nominal damages, attorney fees, and compensatory damages for the loss of her constitutional rights.

## COUNT II: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983) AND VIOLATION OF U.S. CONSTITUTION 14TH AMENDMENT USC 1983) AS TO ALL PUBLIC DEFENDANTS

127.  Plaintiff hereby realleges and adopts each and every allegation in paragraphs 1-126 above as if fully set forth herein.

128. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution
prohibits any state from denying the protection of laws to any person within its jurisdiction.

129. The Defendants Policies, on their face and as applied, classify Plaintiff based on her
fundamental right to religious exercise to whit: Plaintiff's who believe in Christian values such as
the sanctity of life, opposition to the abortion connection to the creation of the COVID vaccines, and
her sincere religious beliefs that her body is the temple of the Holy Spirit that cannot be defiled by
an untested, ineffective and dangerous vaccination were treated differently than people who do not
hold traditional Christian values.

130. The aforementioned acts, policies, practices, customs and procedures were created, adopted,
and enforced under color of state law and supervised by Defendant **TREVOR KUBATZKE**, who
also had a duty to train other employees, and the policies were enforced and articulated to Plaintiff
by **ELIZABETH ZAK**, and **PAMELA COYER JAMES**, and **GOSHEN HOSPITAL**, including
the policy of requiring the experimental COVID vaccine as a precondition of completing the
Sonography program and the policy of refusing to provide reasonable exemptions for students to the
COVID-19 Vaccination as required by federal law (Section 1983).

149. The Defendants' policies of allowing only acceptable religious beliefs must survive strict
scrutiny, which they cannot for the reasons described above.

150. Plaintiffs hold religious beliefs that prohibit acceptance of the COVID vaccines, but their
beliefs or their status fall outside the state prescribed norms of Defendants' Policies.

151. The Policies, on their face and as applied, treat certain students at LAKE MICHIGAN
COLLEGE differently than other students to wit: Sonography Students are treated differently on the
basis of their religious beliefs than other students at the College, and the Defendants thus deny the
Plaintiffs the protections afforded to similarly situated people whose religious beliefs prohibit
acceptance of the COVID vaccines.

152.  The Policies enacted and enforced by the Defendants, both facially and as applied, fail to

provide Plaintiffs with equal treatment to similarly situated employees and students.

153.  Plaintiff has thus been deprived of constitutionally guaranteed equal protection by unequal

application of policies and procedures at LAKE MICHIGAN COLLEGE.

154.  Defendants' Policies, on their face and as applied, will compel and have compelled loss of

employment or access to credentialing study, including delays in education and professional

opportunities, along with Plaintiffs' consequent inability to pursue their chosen professions, and so

has irreparably harmed Plaintiffs.

155.  While Plaintiffs have and will continue to suffer harm that cannot be remedied by actual and

nominal damages due to Defendants' past and continuing illegal actions, they have and will continue

to incur actual and nominal damages as noted herein, whether in lost wages, expenses for relocation

and housing, emotional distress, and other damages including the loss of opportunity to attend and

graduate from LAKE MICHIGAN COLLEGE which she prays this court to remedy.

156.  Plaintiffs have no adequate remedy at law to prevent the continuing violation of her

constitutional liberties and sincerely held religious beliefs and has also requested injunctive relief.

157.  By reason of the aforementioned acts, policies, practices, customs and procedures created,

adopted, and enforced under color of state law, and their political subdivisions under the Fourteenth

Amendment to the United States Constitution and 42 U.S.C. § 1983 certain policies:  To Whit,

mandating an experimental vaccination in violation of the Plaintiff's Constitutional Rights,

Defendants deprived Plaintiff of her 14th Amendment right to Privacy, Personal Autonomy, and

Personal Identity, among others including Due Process and Equal Protection.

158.  Defendants further deprived Plaintiff of her fundamental right to bodily

integrity to make her own informed medical decisions with the assistance of her personal physicians.

159.  Defendants' conduct deprives Plaintiffs of her personal choices central to

individual dignity and autonomy, including intimate choices defining personal identity and beliefs

by stigmatizing and labeling their sincerely held religious beliefs as unworthy of protection by

Defendants.

160. Defendants' policies, practices, customs, and procedures, punish and impose

discipline on Plaintiffs for alleged violations of Defendants' new policies,

simply for exercising their religious and medical right to make their own medical decisions.

Defendants' actions injure Plaintiffs by violating their constitutional rights through threat of

discipline and sanction by Defendants for failure to comply with its new policies.

161. As a direct and proximate result of the Defendants' violation of the Fourteenth Amendment,

Plaintiff has suffered, is suffering, and will continue to suffer, irreparable harm, including the loss of

her fundamental constitutional rights, entitling them to declaratory and injunctive relief.

Additionally, Plaintiff is entitled to nominal damages and compensatory damages for the loss of their

constitutional rights.

162. The plaintiff has suffered damages including but not limited to:

     a. Loss of use of school facilities.

     b. Fear about using the school facilities.

     c. Embarrassment and humiliation.

     d. Severe emotional distress.

     e. Loss of more than a 2 years of sonography school,

     f. Loss of income she would have received as a Sonographer.

     g. Loss of benefits she would have received as a Sonographer.

     h. Direct and indirect costs, and other damages.

     i. Attorney fees and costs.

     j. All other damages that reasonably flow from Defendants' policies, practices,
procedures, and actions.

## COUNT III- FIRST AMENDMENT FREE SPEECH RETALIATION

163.    A 1st Amendment retaliation claim has three elements

    (1) the plaintiff engaged in protected conduct;
    (2) an adverse action was taken against the plaintiff that would deter a person of
    ordinary firmness from continuing to engage in that conduct; and
    (3) the adverse action was motivated at least in part by the plaintiff's protected conduct
(c.f. .

164.    Plaintiff notified the Defendants of her right to claim a religious exemption to the COVID

shot.

165.    Defendants took adverse action against the Plaintiff by refusing to permit her to enroll as a

Sonography student at GOSHEN Hospital, and by terminating her from the Sonography program.

166.    The adverse action taken against Plaintiff was motivated at least in part by the Plaintiff's

protected conduct.

167.    Plaintiff is entitled to damages, attorney fees and other relief as the court my Order.

## COUNT IV - ELLIOTT-LARSEN CIVIL RIGHTS ACT VIOLATION –
## (MCL 37.2101, et. seq.; Mich. Const. 1963 Article I, §2, EQUAL PROTECTION, RELIGIOUS
## DISCRIMINATION, AND DENYING REASONABLE ACCOMADATIONS,
## AS TO ALL DEFENDANTS

168.    Defendants operate its school as a place of public exemption as defined in Michigan's Elliott-

Larsen Civil Rights Act (hereinafter referred to as ELCRA).

169.    MCL 37.2301(a)(iii) and Article I, §2 of the Michigan Constitution prohibits discrimination on

the basis of religion.

170.    Violations of this constitutional provision are typically addressed through ELCRA.

171.    Defendants' policies, for all the reasons stated above, deny Plaintiffs the enjoyment of her

civil or political rights and discriminate against her in the exercise of those rights because of

religion.

172. Defendants are persons, as that term is defined in ELCRA, MCL 37.2103(g).

173. Defendants' implementation of its policies and procedures to mandate vaccinations for students violate ELCRA and deprive Plaintiffs of their civil rights and their right to be free from discrimination based on religion by subjecting Plaintiffs to conduct which has the purpose and effect of denying them the full benefit of the public exemptions and educational facilities at Defendants' school buildings and denies them full and equal access to the use and privileges of its public exemptions and educational facilities, on the basis of religion.

174. By reason of the aforementioned acts, policies, practices, customs and procedures created, adopted, and enforced under color of state law, and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 certain policies: To Whit, mandating an experimental vaccination in violation of the Plaintiff's Constitutional Rights, Defendants deprived Plaintiff of her 14th Amendment right to Privacy, Personal Autonomy, and Personal Identity, and denied Plaintiff Reasonable Accommodations on account of religion.

175. The aforementioned acts, policies, practices, customs and procedures were created, adopted, and enforced under color of state law and supervised by Defendant **TREVOR KUBATZKE** and were enforced and articulated to Plaintiff by **ELIZABETH ZAK**, and **PAMELA COYER JAMES**, and **GOSHEN HOSPITAL**, including the policy of mandating and requiring the experimental COVID vaccine as a precondition of completing the Sonography program despite religious objections, and the policy of refusing to provide reasonable exemptions for students to the COVID-19 Vaccination as required by federal law (Section 1983) State law (Elliot Larsen), the U.S. Constitution (1st Amendment), and a prior court ruling in this District (_Dahl_, Id).

176. As a direct and proximate result of Defendants' violations of the Act, Plaintiff has suffered, are suffering, and will continue to suffer, damages, including the following:

    a. Loss of use of school facilities.

    b. Fear about using the school facilities.

c. Embarrassment and humiliation.

d. Severe emotional distress.

e. Loss of more than a 2 years of sonography school,

f. Loss of income she would have received as a Sonographer.

g. Loss of benefits she would have received as a Sonographer.

h. Direct and indirect costs, and other damages.

i. Attorney fees and costs.

j. All other damages that reasonably flow from Defendants' policies, practices,

procedures, and actions.

## **COUNT V – MICHIGAN CONSTITUTION AS TO ALL DEFENDANTS**

177. By reason of the aforementioned acts, policies, practices, customs and procedures created,

adopted, and enforced under color of state law pursuant to ELCRA, Defendants deprived Plaintiffs

of their right to freely exercise their religion under Michigan's Constitution of 1963 and to the right

to have Equal Protection under law.

178. Defendant has violated Article I, §4 of the Michigan Constitution- Freedom of worship and

religious belief which states:

> *"The civil and political rights, privileges and capacities of no*
> *person shall be diminished or enlarged on account of her*
> *religious belief" (MCLS Const. Art. I, § 4.*

179. Defendant has violated Article II, §2 of the Michigan Constitution- Equal protection;
discrimination which states:

> *"No person shall be denied the equal protection of the laws; nor*
> *shall any person be denied the enjoyment of his civil or political*
> *rights or be discriminated against in the exercise thereof because*
> *of religion, race, color or national origin."*

180. Defendant LAKE MICHIGAN COLLEGE and GOSHEN HOSPITALS' policies to mandate

the COVID-19 Vaccination and to deny reasonable exemptions to those with religious objections

denies the Plaintiff her right and "liberty to worship God according to the dictates of her own

conscience" and further "diminishes the civil and political rights, privileges and capacities" of

Plaintiffs on account of her religious belief.

181. Defendant TREVOR KUBATZKE was responsible for training LAKE MICHIGAN

COLLEGE employees and as well as enforcing LAKE MICHIGAN COLLEGE policies along with

Defendants ELIZABETH ZAK, and PAMELA COYER JAMES.

182. Defendants' policies, practices, customs, and procedures, punish and impose discipline on any

student for exercising his or her state constitutional rights as stated above.

183. Defendants' actions injure Plaintiffs by chilling her constitutionally protected activity through

threat of discipline and sanction, and by actual adverse actions taken by Defendants for failure to

comply with its policies regarding the COVID-19 vaccination mandate.

184. The aforementioned acts, policies, practices, customs and procedures were created, adopted,

and enforced under color of state law and supervised by Defendant **TREVOR KUBATZKE** and

were enforced and articulated to Plaintiff by **ELIZABETH ZAK**, and **PAMELA COYER JAMES**,

and **GOSHEN HOSPITAL**, including the policy of requiring the experimental COVID vaccine as a

precondition of completing the Sonography program and the policy of refusing to provide reasonable

exemptions for students to the COVID-19 Vaccination as required by State law (Elliot Larsen) and

the Michigan Constitution.

185. As a direct and proximate result of the Defendants' violation of the state constitutional

provisions specified above, Plaintiff has suffered, are suffering, and will continue to suffer,

irreparable harm, including the loss of their fundamental constitutional rights, entitling them to

declaratory and injunctive relief; additionally, Plaintiff is entitled to nominal damages and

compensatory damages for the loss of her state constitutional rights.

## COUNT VI: BREACH OF CONTRACT and DETRIMENTAL RELIANCE AS TO ALL

### DEFENDANTS

186. Plaintiff entered into an implied and explicit contract with Defendant LAKE MICHIGAN

COLLEGE to attend their Sonography School; Defendants **ELIZABETH ZAK**, and **PAMELA**

**COYER JAMES**, participated in the breach of that contract while **GOSHEN HOSPITAL**

participated and enabled the breach and all Defendants acted in conformity with the actual contract

and all Defendants jointly assured Plaintiff that the duties owed to her, including the duty to fulfill

contractual obligations, and to avoid discrimination on the basis of religion, would be fulfilled or

actively contributed to the fiction that Plaintiff's student contract would lead to a degree.

187. Plaintiff attended Defendant Sonography School with the intention of graduating as a certified

Sonographer.

188. Plaintiff and Defendant entered an enforceable and valid contract between a student and

school wherein the school promised to uphold their standards and legal requirements regarding

admittance and continuation in the school, and to honor lawful medical and religious exemption

requests if this can be done without undue hardship pursuant to applicable law.

189. Plaintiff agreed to pay fees to the school and attended classes in reliance upon this actual and

implied contract.

190. Plaintiff gave up other opportunities, incurred moving costs, loss of educational opportunities,

loss of income, and other damages, in order to take prerequisite coursework and attend the nursing

school.

191. Despite implied and actual assurances which were relied upon by Plaintiff, Defendant failed to

honor lawful medical and religious exemption requests.

192. Defendants' Non-Discrimination Policy 11-04 states: "Lake Michigan College (the College) is

an equal opportunity institution, affording enrollment, employment, and services without distinction

based on age, color, disability, gender identity or expression, genetics, national origin, protected

veteran status, race, religion, sex, sexual orientation or any other characteristic protected by federal state, or local laws."

193. Defendant's policies violate their own Non-Discrimination policies which can be found at:

in enforcing the Defendant's

vaccine mandate program.

194. Defendants' policy of pretending to offer exemptions to the program but then failing to provide actual exemptions to the essential portion of the clinical training is NOT exemption much less a 'reasonable' exemption.

195. The loss of participation in the Sonography program and other activities at **LAKE MICHIGAN COLLEGE** discriminates "on the basis of religion," and violates Plaintiffs' rights under the Michigan Constitution, LMU policy, and Michigan's ELCRA.

196. Defendants' policies have the purpose or effect of substantially interfering with the Plaintiffs' right to access and utilize public exemptions and public services, including education and participation in the nursing program, and creates an intimidating, hostile, or offensive public exemption, public service, and educational environment for all the above-stated reasons.

197. Defendant breached the implied and actual contract between Plaintiff and Defendant by failing to provide exemption requests as required by law and their internal policies on which Plaintiff relied.

198. As a direct and proximate result of Defendants' Breach of Contract and the Plaintiff's Detrimental Reliance, Plaintiff has suffered, are suffering, and will continue to suffer damages, including the following:

> a. Loss of use of school facilities.
>
> b. Fear about using the school facilities.
>
> c. Embarrassment and humiliation.
>
> d. Severe emotional distress.
>
> e. Loss of more than a 2 years of sonography school,

    f. Loss of income she would have received as a Sonographer.

    g. Loss of benefits she would have received as a Sonographer.

    h. Direct and indirect costs, and other damages.

    i. Attorney fees and costs.

    j.     All other damages that reasonably flow from Defendants' policies,

    practices, procedures, and actions.

199.    Plaintiff is entitled to damages and specific performance.

## COUNT VII: TORTIOUS INTERFERENCE WITH CONTRACT and TORTIOUS INTEFERENCE WITH BUSINESS RELATIONSHIP OR EXPECTANCY AS TO DEFENDANT GOSHEN

200.  In Michigan, a Plaintiff has a cause of action for Tortious interference with Contract when the

following elements are present:

    a.    A contract exists.
    b.    A contract was breached.
    c.    The Defendant conducted an unjustified instigation of the breach
    d.    Resulting in damages to the Plaintiff (Health Call v Atrium Home & Health Care Servs, Inc, 268 Mich App 83, 89; 706 NW2d 843 (2005).

201.    The elements of tortious interference with a business relationship or expectancy are:

    a.    A valid business relationship or expectancy.
    b.    Knowledge of the relationship or expectancy on the part of Defendants.
    c.    An intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy was disrupted.
    d.    The interference was unjustified Knight Enterprises, Inc v RPF Oil Co, 299 Mich App 275, 281; 829 NW2d 345 (2013)

202.  In this instance, Plaintiff had a contract, a business relationship, and an expectancy; the

contract was breached by all the Defendants by removing her from the program and failing to

consider her religious exemption request.

203.  The contract was also breached and interfered with tortiously by the defendant GOSHEN

HOSPITAL and Clinical Partners who unjustifiably initiated the breach of contract and/or engaged

in an intentional interference by the defendant inducing or causing a breach or termination of the

relationship or expectancy was disrupted.

204.  In addition, the disruption or breach was unjustified, and Defendants were fully aware of the

existence of the contract and expectancy at the time they initiated the breach of contract or the

interference in the Plaintiff's valid Contract with the Defendant School.

205.  As a direct and proximate result of the Defendants' Breach of Contract, Plaintiff has suffered,

are suffering, and will continue to suffer damages, including the following:

    a. Loss of use of school facilities.

    b. Fear about using the school facilities.

    c. Embarrassment and humiliation.

    d. Severe emotional distress.

    e. Loss of more than a 2 years of sonography school,

    f. Loss of income she would have received as a Sonographer.

    g. Loss of benefits she would have received as a Sonographer.

    h. Direct and indirect costs, and other damages.

    i. Attorney fees and costs.

    j. All other damages that reasonably flow from Defendants' policies, practices, procedures,
    and actions.

206.  Plaintiff is entitled to damages and specific performance.

## COUNT VIII: FRAUDULENT MISREPRESENTATION

207.  In Michigan, the common law tort of Fraudulent Misrepresentation is recognized, and the

elements are:

    (a) the defendant made a material representation.
    (b) the representation was false;
    (c) when the defendant made the representation, it knew that it was false, or made the
    representation recklessly, without any knowledge of its truth, and as a positive assertion;

(d) the defendant made the representation with the intention that it should be acted on by the plaintiff;

(e) the plaintiff acted in reliance on the representation; and

(f) the plaintiff suffered injury due to his reliance on the representation.

203.  Defendants are, operate, or are employed by a Community College and hospital and all Defendants violated the rights of Plaintiff by creating and enforcing policies at LAKE MICHIGAN COLLEGE and GOSHEN COLLEGE by representing or implying the subject of the contract would be provided promptly (i.e. that the Plaintiff could graduate timely when it was known Plaintiff could never graduate), failing to rescind or cancel the fees paid to LAKE MICHIGAN COLLEGE, discrepancies between what Plaintiff was told by ELIZABETH ZAK, and PAMELA COYER JAMES (i.e. that she would be able to graduate when it was known she would not graduate), making false representations of fact to Plaintiff, and failing to reveal and actively covering up facts that were material to the Contract.

204. Defendants ZAK and COYER JAMES repeatedly represented to the Plaintiff that she would be able to gain her Sonography certification/degree from LAKE MICHIGAN COLLEGE.

205. Defendants LAKE MICHIGAN COLLEGE and TREVOR KUBATZKE and GOSHEN HOSPITAL created and enforced policies that violated the Plaintiff's rights and failed to train their employees to avoid violations of the rights of students like the Plaintiff.

206. Plaintiff is entitled to damages and attorney fees for the Defendants fraudulent misrepresentations.


## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court:

a.  DECLARE the conduct engaged in by Defendants to be in violation of

Plaintiff's rights;

b.  ENJOIN Defendants from engaging in such conduct;

c.  RESTORE Plaintiff to her rightful place student/employee nursing candidate at Defendant'

STATE OF MICHIGAN
IN THE 2ND CIRCUIT COURT FOR BERRIEN COUNTY

d.    In lieu of reinstatement, order lost wages, salary, costs, and benefits she would have received in

the past and would have received in the future were it not for the unlawful discrimination;

e. AWARD Plaintiff compensatory damages in an amount to be determined along with pain and

suffering, mental distress, along with costs and attorney's fees; and

f. GRANT such other relief as it may deem just and proper.


Respectfully submitted,

/S/ Dave Peters

**PACIFIC JUSTICE INSTITUTE**
**By: Dave Peters (P48648)**
**Counsel for Plaintiff**